■ MARK SEIDEN, Appellant, v GOGICK, SEIDEN, BYRNE & O'NEILL, LLP, et al., Respondents, et al., Defendants. [801 NYS2d 55]—

In an action, inter alia, for an accounting, the plaintiff appeals, as limited by his brief, from so much of an interlocutory judgment of the Supreme Court, Westchester County (Rudolph, J.), entered September 23, 2002, as, after a nonjury trial, directed that the defendants render an accounting of only the profits earned by the plaintiff's former law firm from January 1, 1999 through April 27, 1999.

Ordered that the interlocutory judgment is affirmed insofar as appealed from, with costs.

The plaintiff was a partner of the defendant law firm, Gogick, Seiden, Byrne & O'Neill, LLP, and its predecessors (hereinafter the Gogick firm), from 1990 through April 27, 1999, whereupon he joined the law firm of Milber, Makris, Plousadis & Seiden, LLP, a counterclaim defendant herein. The plaintiff commenced this action against the defendants seeking, inter alia, an accounting of his interest in the Gogick firm as of the date of his resignation. After a nonjury trial, the Supreme Court directed the defendants to render an accounting of the profits earned by the Gogick firm from January 1, 1999 through April 27, 1999.

The plaintiff argues, inter alia, that the trial court erred in directing an accounting covering only the firm's profits. The

plaintiff contends that he is entitled to an accounting covering the Gogick firm's net assets, including such things as the firm's accounts receivable, work in progress, and cash in the bank.

When the plaintiff withdrew from the Gogick firm, a dissolution of such firm occurred by operation of law (*see* Partnership Law § 60). Pursuant to Partnership Law § 71, in settling accounts between the partners after dissolution, "the partners are free to exclude particular items from the class of distributable partnership property, and such an agreement will be enforced in an accounting proceeding" (*Dawson v White & Case*, 88 NY2d 666, 671 [1996]).

After hearing the conflicting testimony of the parties concerning the terms of their oral partnership agreement, the Supreme Court rejected the plaintiff's claim that the agreement entitled him to a portion of the Gogick firm's net assets, and found that a different agreement was in place. "[T]he decision of the fact-finding court should not be disturbed on appeal unless the court's conclusions could not be reached by any fair interpretation of the evidence, especially in cases resting in large part on the credibility of witnesses" (*Matter of Allstate Ins. v McMahon*, 251 AD2d 571, 572 [1998]). There was sufficient evidence adduced at trial which supported the Supreme Court's findings, and accordingly, its determination should not be disturbed.

We further reject the plaintiff's argument that the agreement, as construed by the trial court, imposed an unlawful forfeiture on him and restricted his right to practice law or compete with the Gogick firm (*cf. Cohen v Lord, Day & Lord*, 75 NY2d 95 [1989]; *Denburg v Parker Chapin Flattau & Klimpl*, 82 NY2d 375 [1993]). We note in this regard that under the agreement, as construed by the Supreme Court, the plaintiff's post-withdrawal rights were fixed regardless of his post-departure conduct or competition with the Gogick firm. Accordingly, the agreement did not violate public policy as reflected in Code of Professional Responsibility DR 2-108 (a) (22 NYCRR 1200.13 [a]) (*cf. Cohen v Lord, Day & Lord, supra*).

The plaintiff's remaining contentions are without merit. Adams, J.P., Ritter, Goldstein and Fisher, JJ., concur.